**EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO.: 2:18-cv-45 (WOB-CJS)**

**PHILIP EMIABATA**                                          **PLAINTIFF**

VS.                    **MEMORANDUM OPINION AND ORDER**

**P.A.M. TRANSPORT, INC.**                                   **DEFENDANT**

Plaintiff Philip Emiabata, proceeding *pro se*, filed this action on March 27, 2018 against P.A.M. Transport Inc. ("P.A.M.") alleging that an agent of P.A.M. collided with a semi-truck owned by Plaintiff. (Doc. 1). Plaintiff seeks damages for repair of the truck, truck rental costs, lost revenue and wages.[1]

This matter is before the Court on P.A.M.'s motion for summary judgment (Doc. 30), Plaintiff's "motion" in opposition to P.A.M.s response (Doc. 39), Plaintiff's motion to strike affirmative defenses (Doc. 49), and Plaintiff's motion for sanctions (Doc. 50).[2]

---

[1] On October 10, 2018, the Court held its customary docket call in this case. Plaintiff did not appear but subsequently notified the Court that this was because he went to the wrong courthouse. (Doc. 28). The Court thereafter entered an Order advising the plaintiff to obtain the services of an attorney and setting a date for the filing of dispositive motions. (*Id.*). Plaintiff did not obtain counsel.

[2] By Order dated January 23, 2019, the Court granted Plaintiff leave to file an Amended Complaint to add several Progressive

The Court has reviewed this matter and concludes that oral argument is unnecessary.

***Factual and Procedural Background***

On or about March 10, 2016, Plaintiff's 2004 Volvo semi-truck was involved in an accident. Plaintiff alleges that a driver of P.A.M.'s tractor trailer # 34776 (changed to # 34476 in Doc. 44) backed into Plaintiff's semi-truck while parked at the Travel Authority gas station located at 145 Richwood Rd. in Walton, Kentucky. (Doc. # 1, Compl. P. 3, ¶ 2).

Plaintiff alleges that after P.A.M.'s driver backed into his semi-truck, the driver left the scene without notifying anyone. (Doc. # 1, Compl. P. 3, ¶ 3). Plaintiff did not witness the accident, but he alleges that he was notified of damage to his truck by a manager of the Travel Authority. The Travel Authority manager was in turn notified by a witness of the accident identified only as a good Samaritan. (Doc. # 1, Compl. P. 3, ¶ 3).

Plaintiff filed a police report (#16003553) and called P.A.M. to report the accident. Plaintiff states he spoke with P.A.M.'s agent "Bruce." Plaintiff alleges that "Bruce" initially stated that P.A.M.'s truck was not located in Walton at the time of the

---

Insurance Company entities, (Doc. 35), and one such defendant has filed an Answer. (Doc. 47). Because the claims against P.A.M. are separate from Plaintiff's claims against Progressive Casualty Insurance, the Court will not delay resolution of the pending motions.

accident, but upon further investigation P.A.M.'s agent discovered the truck really had been at the Travel Authority in Walton. (Doc. # 1, Compl. P. 3, ¶ 4).

Plaintiff states he was then given P.A.M.'s safety department number and asked to call "Missy." "Missy" requested photos of the damage to the truck. After not hearing from P.A.M. after submitting the photos, Plaintiff filed a claim with his insurance company. (Doc. # 1, Compl. P. 4, ¶ 1).

P.A.M. has now moved for summary judgment on the ground that Plaintiff has failed to adduce any admissible evidence in support of his claims. The motion is fully briefed and ripe for decision.

### *Analysis*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has met his initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party then must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1).

The Sixth Circuit has "made clear that non-prisoner pro se litigants are treated no differently than litigants who choose representation by attorneys." *Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013).

In support of his claims, Plaintiff offers only third-party statements as evidence that P.A.M., through its agent, is responsible for the damage to his property. There is no question this testimony is hearsay and is barred under Federal Rule of Evidence 802.

Under FRE 802, hearsay is defined as a statement (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted.

While statements made by agents of a defendant may be allowed if they were authorized to make those statements under FRE 802(2)(C), Plaintiff does not invoke this exception to the hearsay rule. Even so, this would leave Plaintiff with only the e-mail communications of Mitzi (Missy) Goodman requesting further information on the accident and photographs of the damage along with Plaintiff's own testimony regarding phone conversations with Defendant's agents. Statements made by the Travel Authority manager and the statements of the good Samaritan are barred under the hearsay rule as statements made out of court to prove that P.A.M. was responsible.

Plaintiff also offers an affidavit by his wife. (Doc. 44-1). However, the portion that Plaintiff apparently relies on is similarly inadmissible. Plaintiff's wife does not have actual knowledge of the accident. Any information she offers is also

4

barred by the hearsay rule and likely introduces yet a third layer of hearsay between her and Plaintiff.

"Hearsay evidence may not be considered on summary judgment." *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999). The evidence Plaintiff has proffered thus raises no triable issue on his claims.

Additionally, Plaintiff complains that he has made discovery requests of Defendant without response. Defendant denies receiving any such request. Plaintiff offers nothing to show that those requests were made. The Court typically leaves discovery to the parties and only gets involved when the process breaks down.

Rule 37 of the Federal Rules of Civil Procedure provides for this circumstance. Rule 37(a)(1) requires a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The party, once providing this certification, can file for a motion to compel. Plaintiff has failed to do so in the instant case prior to a dispositive motion being made by the defense. A Court may rule to give a non-moving party additional time for discovery if it so chooses under Fed. R. Civ. Pro. 56(e)(4), but that is not appropriate in this case.

Even if Plaintiff's assertions are factual, certification required of the Plaintiff "must include more than a cursory

recitation that the parties have not been able to resolve the matter." *Mitchell v. Mike*, CV 5:14-301-DCR, 2015 WL 8770073, at 2 (E.D. Ky. Dec. 14, 2015). The Court must be able to reason on the evidence that such an attempt has been made. Plaintiff has not provided evidence to support his assertions.

There is no absolute right to additional time for discovery when a party opposing a motion for summary judgment seeks relief under Fed. R. Civ. P. 56[e]. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). Plaintiff "must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment." *Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir.2003). "He must explain what additional discovery is sought and how it would affect the outcome." See *id.*; see also *Lewis*, 135 F.3d at 409. Despite proceeding *pro se*, Plaintiff still bears this burden, and he has failed to meet it.

As a matter of law, therefore, P.A.M. is entitled to summary judgment.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that: (1) P.A.M.'s motion for summary judgment (Doc. 30) be, and is hereby, **GRANTED**; (2) Plaintiff's "motion" in opposition to P.A.M.s response (Doc. 39) be, and is hereby, **DENIED AS MOOT**; and (3) Plaintiff's motion to strike affirmative defenses

(Doc. 49) and motion for sanctions (Doc. 50) be, and are hereby, **DENIED**.

This 27th day of March, 2019.



Signed By:
*William O. Bertelsman*  W.OB
United States District Judge